IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TRAVIS LEROY BALL, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | No. 5:24-CV-262-CAR-ALS |
| v. | : | |
| | : | |
| SHERIFF DAN KILGORE, | : | |
| CAPTAIN RALPH SEARCY, and | : | |
| LIEUTENANT HEATH EPPINGER | : | |
| | : | |
| Defendants. | : | |

_____

**ORDER ON RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the United States Magistrate Judge's Recommendation to grant Defendants' Motion to Dismiss and dismiss *pro se* Plaintiff Travis Ball's Complaint without prejudice under Fed. R. Civ. P. 41(b) for his failure to diligently prosecute this action, namely his failure to provide change of address.[1] After the Recommendation was entered, Plaintiff filed a Notice of Change of Address and a "Motion for Default Judgment."[2] The Court **CONSTRUES** Plaintiff's "Motion for Default Judgment" as an Objection to the Recommendation [Doc. 22]. Having considered the construed Objection

---

[1] [Doc. 19.]
[2] [Doc. 21]; [Doc. 22.]

1

and conducted a *de novo* review, the Court **REJECTS** the Recommendation [Doc. 19]. Thus, the Court **DENIES** Defendants' Motion to Dismiss [Doc. 17].

## BACKGROUND

On March 12, 2025, Defendants filed their Motion to Dismiss this action with prejudice for failure to prosecute under Fed. R. Civ. P. 41(b).[3] Defense counsel represented Plaintiff was released from the custody of the Georgia Department of Corrections on February 5, 2025, and had failed to timely notify the Court of his change of address.[4] The next day, the Magistrate Judge notified Plaintiff that Defendants had moved to dismiss this action based on Plaintiff's failure to advise the Court of his changed address and ordered him to respond to Defendant's motion within 21 days of the Order's date.[5] Because Plaintiff neither responded to the motion nor notified the Court of his changed address, the Magistrate Judge found a clear record of delay or willful contempt on Plaintiff's part and on May 5, 2025, recommended dismissal without prejudice finding lesser sanctions would not suffice.[6]

Nine days later, on May 14, 2025, Plaintiff signed and mailed his Notice of Change of Address which was later filed on May 19, 2025.[7] Plaintiff listed as his updated address

---

[3] [Doc. 17.]
[4] *Id.*
[5] [Doc. 18 at 1-2.]
[6] [Doc. 19 at 2.]
[7] [Doc. 21]; [Doc 21-1.]

2

a federal correctional institution in Alabama.[8] On June 5, 2025, Plaintiff filed a "Motion for Default Judgment" in which he objected to the Magistrate Judge's Recommendation of dismissal.[9]

## DISCUSSION

Plaintiff alleges Defendants violated his Eighth Amendment rights on March 20, 2023.[10] "Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983."[11] "Georgia's statute of limitations is two years."[12] Thus, the applicable statute of limitations for Plaintiff's Section 1983 claims in this action expired on March 20, 2025. Dismissing this action without prejudice would preclude Plaintiff from refiling his claims due to the running of the two-year statute of limitations, and thus, dismissal without prejudice here would be tantamount to a dismissal with prejudice.[13]

"Because the penalty is so drastic, a district court may dismiss a case with prejudice only where 'there is a clear record of delay or willful contempt and a finding

---

[8] *Id.*

[9] [Doc. 22.]

[10] [Doc. 6], *Ball v. Kilgore*, 5:24-cv-262; [Doc. 7], *Ball v. Kilgore*, 5:24-cv-262.

[11] *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003).

[12] *Id.*

[13] *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132 (11th Cir. 2012) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). It is unlikely Plaintiff could take advantage of Georgia's renewal statute, O.C.G.A. § 9-2-61, to re-file his claims because to do so, he would first need to pay the outstanding fees for this action in which he is proceeding *IFP*. *See Hancock v. Cape*, 875 F.3d 1079, 1085 (11th Cir. 2017); *contra Muhammad v. Massage Envy of Georgia, Inc.*, 322 Ga. App. 380, 745 S.E.2d 650 (2013).

that lesser sanctions would not suffice.'"[14] Indeed, "[m]ere delay will not suffice; '[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal.'"[15] Accordingly, "delay alone, in the absence of bad faith, is insufficient to justify a dismissal with prejudice."[16]

Here, the record lacks the extreme circumstances necessary to support dismissal with prejudice. It appears Plaintiff's delayed notice of change of address resulted from mere negligence, not a clear record of delay or willful misconduct. Plaintiff acted to notify the Court of his change of address to a different correctional institution on May 14, 2025 – just nine days after the Magistrate Judge entered the Recommendation.[17] As a result of this three-month delay in notifying the Court, Plaintiff did not receive Defendants' Motion to Dismiss, the Magistrate Judge's Order notifying him of the Motion and directing him to respond, or the Recommendation until after May 19, 2025. Plaintiff's three-month delay in notifying the Court of his changed address may result from logistical challenges that *pro se* prison litigants commonly face when they are moved between different correctional institutions. Because the record lacks clear evidence of a clear pattern of delay or willful contempt, the Court **REJECTS** the Magistrate Judge's

---

[14] *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993).
[15] *Id.*
[16] *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1259 (11th Cir. 2001).
[17] [Doc. 21]; [Doc. 19.]

Recommendation to dismiss this action for failure to prosecute under Fed. R. Civ. P. 41(b) without prejudice which would effectively be with prejudice because of the statute of limitations. Thus, the Court **DENIES** Defendants' Motion to Dismiss [Doc. 17].

## CONCLUSION

This Court has made a *de novo* determination of the Recommendation to which Plaintiff objects. Having considered the construed Objection [Doc. 22] and conducted a *de novo* review, the Court **REJECTS** the Recommendation [Doc. 19]. Thus, the Court **DENIES** Defendants' Motion to Dismiss [Doc. 17].

**SO ORDERED,** this 10th day of December, 2025.

s/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT